IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTHONY MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-045 |
| | ) | |
| RICK JACOBS, Clemency & Parole Director; ANTOINE CALDWELL, Warden; LAKEISHA FRANKLIN, Deputy Warden of Care & Treatment; LAMEKA KENDRICK, Chief Counselor; and KHALILAH WILLIAMS, Deputy Warden of Care & Treatment, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Dodge State Prison ("DSP"), in Chester, Georgia brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at DSP and Johnson State Prison ("JSP"). Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    BACKGROUND**

Plaintiff names as Defendants: (1) Rick Jacobs, Clemency & Parole Director; (2) Warden Antoine Caldwell; (3) Lakeisha Franklin, Deputy Warden Care & Treatment; (4) Lameka Kendrick, Chief Counselor; and (5) Khalilah Williams, Deputy Warden Care &

Treatment. (Doc. no. 1, p. 1-6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 29, 2019, an unfavorable parole decision was rendered against Plaintiff. (Id. at 16.) Defendant Jacobs, the Director of Parole and Clemency, failed to notify prison officials at JSP of the adverse parole decision. (Id.) Similarly, Warden Caldwell and Deputy Warden Franklin refused to inform Plaintiff, mailroom staff, JSP's Chief Counselor, or Plaintiff's assigned counselor of the adverse parole decision. (Id.) Plaintiff first learned of the adverse parole decision on November 13, 2019, from Counselor Gordon. (Id.) Plaintiff was not provided the 30-day appeal form since the period for his appeal already expired. (Id.)

On February 17, 2020, Chief Counselor at DSP, Lameka Kendrick, provided Plaintiff a grievance appeal form. (Id.) The next day Plaintiff submitted his grievance appeal to Chief Counselor Kendrick, but never received a response. (Id.) Plaintiff asserts Defendant Williams or Defendant Kendrick "trashed or lost [his] grievance appeal" and Defendant Williams has been "covering up for Lameka Kendrick trashing or [losing his] grievance appeal form." (Id. at 17.)

For relief, Plaintiff requests (1) his immediate release or 90-day clemency papers, (2) compensatory damages in the amount of $300,000.000, (3) the results of his case implemented into law, and (4) the termination of each Defendant from their positions. (Id. at 18.)

**II. DISCUSSION**

    **A.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or

2

fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S.

3

89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Plaintiff Fails to Establish a Due Process Violation Claim

Plaintiff asserts Defendants Jacobs, Caldwell, and Franklin all failed to properly notify Plaintiff through mail or fax about his adverse parole decision on July 29, 2019, thus preventing Plaintiff from timely filing his 30-day appeal.  (See generally doc. no. 1.)  Plaintiff's assertion fails to state a claim upon which relief can be granted because, as explained below, he has not established a constitutionally protected liberty or property interest to make out a procedural due process claim.  To state a claim, "a plaintiff must establish three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process."  Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Cir. 2018) (citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)).  Plaintiff clearly establishes state action, thus the Court turns to the remaining two elements.

As to the first element "a state parole system creates a liberty interest in parole that is subject to the protections of the Due Process Clause only when it establishes a legitimate expectation of parole," but the Eleventh Circuit has ruled "Georgia's parole system does not create a legitimate expectation of parole."  Porter v. Ray, 461 F.3d 1315, 1322-23 (11th Cir. 2006).  Thus, in Georgia, there exists no liberty interest in parole, and Plaintiff, therefore, fails to state a Due Process claim relating to any procedural defects in his parole decision.

### C. Plaintiff Fails to State a Claim Against Defendants Kendricks and Williams for Failing to Forward His Grievance Appeal

Plaintiff alleges Defendants Kendrick and Williams violated his Due Process rights because they "trashed or refused to forward" his grievance appeal. (Doc. no. 1, p. 15.) Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (per curiam). Thus, any claim Defendants Kendricks or Williams mishandled Plaintiff's grievance appeal or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

### D. Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 8th day of November, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA